MAXINE BRODIE, appellant, v. WILLIAM C. BRODIE, appellee.

No. 48236.

(Reported in 56 N.W.2d 487)

JANUARY 13, 1953.

Ted Sloane, of Des Moines, for appellant.

Gibson Holliday, of Des Moines, for appellee.

MULRONEY, J.—In this divorce action filed by the wife the trial court granted her a divorce but decreed: "That neither party at this time is a fit and proper person to have the care, custody and control of [the] children." The children with their ages at the time of trial are: John, age 11, Douglas, age 9, and Charles, age 5. The decree placed the custody of the children in the "Children's Home, Des Moines, Iowa," "subject to further order of [the] court."

The plaintiff is apparently appealing from the trial court's failure to award her custody of the children. Defendant, who does not appeal, argues the trial court's custody order was correct. But the briefs and arguments of both parties range far afield of the question of custody. As we see it, the single question in this appeal is the correctness of the trial court's finding that the mother was unfit for the children's custody. We can assume the father was not a fit person to have custody of the children. The trial court so held and he does not appeal. The mother then would be entitled to custody if, under the record made, she qualifies as a fit and proper person to have custody of her children. No good purpose would be served by detailing all of the evidence in this marital conflict. We have read the entire record and we feel the trial court's order as to custody was justified by the situation that then confronted the court.

Plaintiff was nineteen years old at the time she was married in September 1941. Defendant, the owner of a building in which a beer tavern was located, was about forty-two years old and plaintiff was his third wife. The record portrays a home life

close to squalid conditions with much cursing, bickering, fighting and drinking. Witnesses told of the children being left alone, uncared for, undernourished and being struck by both parents. There is much in the record concerning plaintiff's bad conduct. Witnesses said she was a heavy drinker and they had seen her running around and drinking with other men. Plaintiff worked much of the time as a waitress in a beer tavern. Under the decree she had to vacate the partly modern home (she described it as a "tumbled-down shack") within three weeks. It is quite evident from the record that defendant's conduct added much to the misery of her existence but we feel the record of her own conduct and the fact that she had no place to take the children justified the decree as to custody.

The child custody portion of a divorce decree need not be final. Changed circumstances can work a change of custody, section 598.14, Code, 1950. In making a custody award the court will do that which is best for the child. Awards of custody to public institutions are not favored and should not be long continued if a suitable home for the children can be found. It is apparent here that the award to the Children's Home was reluctantly made by the trial court. He finds that "at this time" the mother was not a proper person to have custody. The children have now been in the Children's Home about seven months. The mother is young. If in the near future she can in a proper hearing present a record of improved conduct and show that she can give the children a good home, the custody can be changed. Upon the record presented the decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur.